Case No. 19-6061, USA v. Trontez Mahaffey, Argument not to exceed 15 minutes per side, Ms. Akers, you may proceed for the appellant. Thank you. Good morning, Your Honors. Medora Akers on behalf of Trontez Mahaffey Appellant. May it please the Court. The fundamental question here is whether the government can incarcerate my client in federal prison. Excuse me, Counselor, you were reserving an intent of rebuttal. Yes, Your Honor. Four minutes. All right. Thank you. The fundamental question here is whether the government can incarcerate my client for a decade in federal prison for possession of methamphetamine without ever having to prove that he knew this drug was in his possession. The government maintains that it doesn't matter if Mr. Mahaffey knew that he possessed methamphetamine because all the government must show is that he knew he possessed some controlled substance. But if you consider the fact that if he had just been charged with the marijuana found in the luggage, he would have received a maximum sentence of five years and may not have been prosecuted at all. Instead, he received a mandatory minimum of 10 years, double that time, based solely upon the possession of methamphetamine. This court and its sister circuits have recognized that the interpretation advocated by the government, which results in this doubling of a sentence based upon the fact about which a defendant may have had no knowledge, is fundamentally inconsistent with our philosophy of criminal law. Counsel, aren't we bound to rule against your client based on this circuit's Datto case? No, Your Honor, because of the intervening decision by the Supreme Court in U.S. v. Rehave. And I was going to ask you, what's your best case on behalf of this besides the rehab case, which involved a different statute? Yes, and of course, the fact that it involved a different statute isn't just positive here, because what I'm arguing is that the analytical framework outlined in Rehave is what I'm applying to 841. But I would also point this court to U.S. v. Flores-Figueroa, because one of the principal arguments that the government has advocated here is that Rehave cabined the presumption of mens rea, which typically applies to each element of the crime. And the government suggested that just applies to those elements that are required to distinguish between innocent and criminal conduct. But that is simply too narrow a reading of Rehave and inconsistent with Supreme Court precedent, in particular U.S. v. Flores-Figueroa, in which the court specifically applied a mens rea requirement, despite the fact that it was not necessary in order to distinguish between criminal and innocent conduct. Well, counsel, if we're talking Supreme Court precedent, how do you distinguish McFadden v. U.S.? It's a 2015 U.S. Supreme Court case that construed this section consistently with the way the government is arguing. Your Honor, I think this court is bound to apply the most recent Supreme Court precedent from Rehave, which provides specific instruction on how we're supposed to interpret a statute where we have a mens rea requirement, a verb, a direct object, and the mens rea requirement. You recognize McFadden actually did construe 841A. Yes, Your Honor. And they construed it as not requiring that the drug itself and the quantity be proved, that it's enough that it's a controlled substance. They knew they were possession. So you say that that abrogates McFadden too, I guess, huh? Yes, Your Honor. I think the clear direction from the court after Rehave is that if you have a statute that includes a mens rea requirement, our duty here is to consider how far down the statute the mens rea requirement applies. And in this instance, it applies not only to the possession, but also to the direct object of that verb, which here is controlled substance. And based upon Rehave, what we see is that it's not simply the specific direct object, but in fact, what that object, direct object is a placeholder for, which here are the specific drug types which are outlined in 841B. I'm not sure I understand why you think Rehave nullified this circuit's case in Datto, since in Rehave that had to do with possessing a firearm. And what was at stake there was the defendant's status as a felon in making the possession of the firearm unlawful. And the facts of this drug case are altogether different. Why is it that you think Rehave would nullify the ruling in Datto? Your Honor, because Datto addressed a very different question. The argument in Datto was whether or not a lien required us to apply a mens rea element with respect to drug type. But a lien was silent as to mens rea. A lien was a case that just answered the question as to what the burden of proof was with respect to drug type. However, Rehave is different because it's providing us clear instruction on how we interpret a statute and how we should apply the mens rea element with respect to that statute. I want to take a moment. Rehave is different. Yes, Your Honor, but I agree. But I think Datto is inconsistent because Datto provided a ruling which said you don't have to have knowledge with respect to drug type. But its reasoning was based upon a different argument and a different set of case law. I think with the existing precedent now, including Rehave, if the same argument was presented to the Datto court, it would apply Rehave and it would reach a different conclusion. I want to take the opportunity to specifically address the U.S. v. Collazo opinion, which the government provided to the court yesterday. This case came out of the Ninth Circuit. It was decided on Tuesday. The Ninth Circuit en banc had specifically and unilaterally requested briefing on the question of whether mens rea was required with respect to drug type in 841. Now, the court determined that it did not, but I want to point out the fact that the court was sharply divided on this issue. In fact, of the 11-judge panel, five of those judges joined the dissent. And there are two particular areas of the Collazo opinion that I want to address because I think the court got them wrong. First of all, in many respects, the Collazo reasoning that majority provides is completely consistent with what Mr. Mahaffey is arguing here. In particular, it undermines the government's argument that Rehave just applies when we're considering whether mens rea is necessary to distinguish between innocent and criminal conduct. The Collazo opinion also noted, the Collazo opinion noticed that mens rea is, the question of mens rea must also be addressed when you have a statute like 841, which includes a mens rea requirement, and you must determine how far down that statute the mens rea requirement travels. And the Collazo opinion specifically provide, specifically applied the analytical reasoning from Rehave to 841, which is exactly what Mr. Mahaffey argues here. And the court determined that the mens rea requirement should apply both to the verb and to the direct object in 841, which means both to the possession element and to the direct object, which was the controlled substance. Now, where the Ninth Circuit erred was because it concluded that since the direct object wasn't literally 841B, that it shouldn't apply to drug type. However, what that ignores is the fact that the reference to controlled substance is simply a placeholder for the specific drug types outlined in 841B. The second piece of the Collazo opinion was its determination that there was no mens rea requirement because 841B6 includes a mens rea requirement. But once you look at 841B6, you realize that that argument is totally unpersuasive. 841B6 addresses an entirely different and separate crime, the use of poison on a federal land. It says nothing about whether mens rea is required with respect to drug type. I'd like to move on now, because some of the issues that were addressed in the Collazo opinion are also flaws that exist in the government. Ms. Akers, obviously you like the en banc dissent from the Ninth Circuit rather than the majority, but we usually look at the majorities a little more strongly. Do you have any authority from any circuit that supports your position? U.S. Bureau of Hygiene, Your Honor. No, I know. Since that case has come down, you say it abrogates the prior case law. Do you have any court that's followed your argument? No, I haven't. But, of course, this is a very new opinion, and so I think a lot of these cases are still in the pipeline and other courts will come around. Okay, but you don't even have a district court opinion? No, Your Honor. Not at this time. One of the critical flaws in the government's argument, as I mentioned, is its suggestion that mens rea should only apply to distinguish between innocent and criminal conduct. But, first of all, the U.S. has never cabined the presumption this way, and I think that also reads Rahaf far too narrowly. Rahaf specifically relied on Model Penal Code 2.02, which provides that when a statute provides the kind of culpability that is sufficient for the commission of the offense, it shall apply to all elements of the offense. There's no distinction based upon whether or not those elements are required to prevent the criminalization of innocent conduct. Critically, it also said that as a matter of ordinary English, we normally read the statutory term knowingly as applying to all the subsequently listed elements of the crime. And, critically, that holding comes from Flores-Figueroa, which I mentioned earlier, which was a case in which the U.S. Supreme Court specifically applied a mens rea requirement, but not because it was necessary to distinguish between criminal and innocent conduct. Another key feature and another flaw with the government's argument is its suggestion that because Mr. Mahaffey assumed the risk of carrying some controlled substance, he should be held responsible for a crime with respect to any controlled substance. But the government primarily relies on cases where the sentence has been increased based upon the Drug Crime Commission's proximity to a school. But that additional sentence is provided by 21 U.S.C. 860. And if you look at that statute, there was no mens rea requirement there. And, in fact, this court and its sister circuits have recognized that the specific purpose of 860, which was to deter drug crimes around school, revealed that it was not Congress's intent to apply a mens rea requirement to that statute. I'll reserve the rest of my time. All right. We'll hear from the government. Good morning, Your Honors. Ms. Akers, may it please the Court, James Chapman for the United States. There are at least two overarching reasons that REIF does not require this court to depart from its longstanding and repeated precedent that 841 does not demand knowledge of drug type. The first relates to statutory interpretation, and the second relates to the presumption in favor of mens rea. On statutory interpretation, REIF addressed a materially different statutory language, both textually and structurally. REIF addressed 922G and 924A2. 924A2 had a – the Supreme Court called it a general scienter provision. It said anyone who knowingly violates 922G shall be subject to imprisonment. The Supreme Court – and this was the purpose of it citing that model penal code provision that counsel referenced – when a statute has a globally modifying mens rea like that, then that mens rea applies to the material elements of the statute. Here, on the other hand, 841A1 sets out very clearly that its mens rea, knowingly or intentionally, applies to the subsequent elements listed, which are the verb, in this case, possessed with intent to distribute, and then the object, a controlled substance. The text and the structure of 841 does not support that that mens rea is meant to or does continue on to the separate statutory provisions of 841B. There's simply no analog to the knowingly violates language of 924A2. Judge Griffin, you pointed out the McFadden decision. I was going to bring that up today. I do believe McFadden supports our argument on mens rea, and I believe there's Supreme Court precedent indicating that lower courts should not assume that it is overturning a prior decision without explicitly saying so. So I don't believe Rehfe would have the effect of overturning McFadden. To respond briefly to counsel's Flores-Figueroa argument, the Ninth Circuit has already held that Flores-Figueroa does not upset this mens rea rule as to 841. Flores-Figueroa was purely a case of statutory interpretation. It simply – it was the aggravated identity theft statute. It simply applied the textually set out mens rea to the subsequently listed elements in the sentence forbidding identity theft. It did not apply the presumption in favor of mens rea to that statute. It was simply a matter of statutory interpretation and, again, involving materially different language than in 841. To my knowledge, no court has ever held – read 841 in the way that Mr. Mahaffey is encouraging here today, and it's simply not a persuasive reading of the statute. On the issue of the presumption in favor of mens rea, the Supreme Court has been abundantly clear in cases through many decades that this presumption is really the fallback when the statutory language doesn't make it clear as to mens rea. And this fallback only applies to elements that criminalize otherwise innocent conduct. And so the facts of Rahife show this very, very well. Mr. Rahife had overstayed a nonimmigrant student visa, and then he simply went to a firing range and shot two firearms. For most people out there in society, going to a firing range is perfectly legal conduct. People do it every day. What made it illegal for Mr. Rahife was his status. And so status in Rahife was the element that separated criminal conduct from noncriminal conduct. That is not the case here. Possessing with intent to distribute any controlled substance that's regulated under 841 is unlawful. And so knowledge of drug type, knowing if you have marijuana or methamphetamine, that does not separate wrongful from otherwise innocent conduct such that the presumption in favor of mens rea must apply to it. As a final point, I would point this court to its recent decision in Kettles, which we also cited in a 28-J letter. That case involved a sex trafficking statute and held that, of course, the defendant must know that the person being trafficked is under 18. But then there was not an additional mens rea knowing that the person had to be under 14, I believe, because that made an enhanced statutory punishment apply. But it did not separate illegal from innocent conduct because trafficking anyone under the age of 18 is illegal. If there are no questions, I will rest the remainder of the arguments on my brief and ask the court to affirm. Thank you. Thank you. Any rebuttal? Yes, Your Honor. I'd like to begin by addressing the Kettles case, which the government just brought up. I think it's important because the government relies on a number of these cases that involve sex offenses against minors. But this court and its sister circuits have long recognized that such crimes where the offense is a sex offense against minors have traditionally been accepted from background principles favoring siender. So their application, their guidance in this situation should be somewhat limited. I also want to address the government's argument that because the specific language in these two statutes aren't identical, that one can't be comparable to another. That simply has never been the case. And I'm not asking or I'm not suggesting that the conclusion here is directed because there was because Rahaf addressed 841. It's simply the interpretive reasoning that was used in Rahaf should apply here because there's enough similarity between the two. And I'd point out that the Collazo opinion from the Ninth Circuit, although it didn't ultimately determine there should be a mens rea requirement, didn't reject that argument on the basis that these two statutes were simply too incompatible. It's also important to remember that the presumption is the court held in staples. The presumption of mens rea also applies when you have dramatic increases in penalties. As I alluded to earlier in this case or in the case under 841, a defendant could possess as little as two ounces of marijuana. And he could be led to believe that all he had was marijuana. But if it turns out that that was methamphetamine, instead of facing a mandatory five year sentence, the sentence would skyrocket to 10 years. And the court has held that in such circumstances to avoid exactly that type of unfair result, a presumption of mens rea should apply. I think the one thing that gets lost along those same lines in the government's argument is the fact that somebody who intentionally distributes a deadly drug like methamphetamine has a just fundamentally different criminal intent than someone who knowingly possesses a non-lethal drug like marijuana, which is actually legal in a number of parts of our country. And while, of course, that doesn't mean it's innocent conduct, as I mentioned before, the Supreme Court has never required the mens rea requirement to only apply in order to distinguish between innocent and criminal conduct. And in fact, as I think is indicated in the Collazo opinion, and it's also very healthily explicated in the Burwell dissent by Judge Rogers, the Supreme Court has typically thought of mens rea as falling into basically three buckets. First, there's the public welfare offense, where, of course, mens rea is typically not required because the penalties are so modest. The second group is what the government has referred to, where there was a statute contains no mens rea statement, and therefore the court must determine whether one must be applied in order to avoid the criminalization of innocent conduct. But it is the bucket that we are in, and that's where we have a statute that contains a mens rea requirement. And our decision is how far down that statute the mens rea requirement should travel. It is abundantly clear from Rehaith that the mens rea requirement applies both to the verb and to the direct object. In 841, that means that the mens rea requirement applies both to possession and to controlled substance, and controlled substance is simply a placeholder for those drug types which are contained in 841B. My client received a fundamentally unfair sentence here because he didn't know he had any drugs, and he is now facing a decade in federal prison based upon facts about which he had no knowledge. Even if the government could prove that he was aware of the marijuana in the bag, he still received a sentence double of that without the government ever having to show that he was aware that he possessed methamphetamines. Thank you, Your Honors. Thank you very much, and the case is submitted.